UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ELENA ARCIBA,**

    Plaintiff,

v.                                                  No. 4:23-cv-00611-P

**MERRICK GARLAND,**
**ET AL.,**

    Defendants.

## MEMORANDUM OPINION & ORDER

By Order entered on June 21, 2023, the Court referred this case to United States Magistrate Judge Hal R. Ray, Jr. for all further proceedings and entry of judgment. ECF No. 6. The Court now **WITHDRAWS** that reference and enters the following Memorandum Opinion & Order on Defendants' Motion to Dismiss. ECF No. 11. Having considered the Motion, briefing, and applicable legal authorities, the Court **GRANTS** Defendants' motion and **DISMISSES** the case **without prejudice**.

## BACKGROUND

Plaintiff Elena Arciba is a Mexican citizen living in Fort Worth, Texas. ECF No. 7 at 2. On April 19, 2019, Arciba's husband, an American citizen, filed a Form I-130 "Petition for Alien Relative" on her behalf. *Id.* at 2, 9. United States Citizenship and Immigration Services ("USCIS") approved the I-130 application on October 26, 2020. *Id.* at 9. In March 2021, Arciba filed a Form I-601A, "Application for Provisional Unlawful Presence Waiver" ("Application") to obtain her immigrant visa abroad through Consular Processing. *Id.* On June 16, 2023, Arciba filed a complaint (ECF No. 1), and on August 31, 2023, she filed an Amended Complaint (ECF No. 7), in which she argues that Defendants failed to exercise their nondiscretionary duty to adjudicate her application. ECF

No. 7 at 18. She now asks the Court to compel them to do so, arguing their delay violates the Administrative Procedure Act ("APA") and the Mandamus Act. *Id.*

Where the plaintiff seeks the same relief through both an APA claim and a request for a writ of mandamus, courts consider both claims under the APA. *Naseh v. Chertoff*, No. 3:07-CV-1923-M, 2008 WL 11348018, at *6 (N.D. Tex. Apr. 18, 2008) ("This Court previously found that when a petitioner seeks to use mandamus jurisdiction to compel an action, the same principles and standards for determining subject matter jurisdiction apply to both the Mandamus Act and the APA.") (citing *Dawoud v. Dep't of Homeland Sec.*, No. 3:06-CV-1730-M-BH, 2007 WL 4547863, at *7 (N.D. Tex. Dec. 26, 2007)); *see also, e.g., Singh v. Mayorkas*, No. 3:23-CV-00527, 2024 WL 420124, at *3 (M.D. Tenn. Feb. 5, 2024); *Lovo v. Miller*, No. 5:22-CV-00067, 2023 WL 3550167, at *2 & n.2 (W.D. Va. May 18, 2023).

In their motion to dismiss, Defendants argue the Court does not have jurisdiction under the APA. ECF No. 11 at 10 (citing 5 U.S.C. § 702). The APA provides that "[t]he reviewing court shall . . . compel agency action" where it is "unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). But the APA does not apply "to the extent that . . . statutes preclude judicial review[.]" *Id.* § 701(a)(1). Defendants argue that with respect to processing an Application, the Immigration and Nationality Act ("INA") is just such a statute. ECF No. 11 at 10 (citing 8 U.S.C. § 1182). Under the INA, "[n]o court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v) (the "Carveout"); *see also Texas v. United States*, 787 F.3d 733, 755 & n.54 (5th Cir. 2015) (The Carveout is one of the INA's "numerous specific jurisdiction-stripping provisions."). The central question is whether USCIS's delay is an "action" under the INA. The Court holds that it is.

## LEGAL STANDARDS

### A.   Rule 12(b)(1) Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when a federal district court does not have the right to exercise its limited jurisdiction over the subject matter presented in the complaint. "Federal

courts must resolve questions of jurisdiction before proceeding to the merits." *Ashford v. United States*, 463 F. App'x 387, 391-92 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 & n.6 (5th Cir. 2011), and *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011)). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of federal jurisdiction." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (quotation and citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). A court should dismiss for want of subject matter jurisdiction without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

**B.     Construction of Jurisdiction-Stripping Provisions**

Because of separation-of-powers concerns, courts should not read "legislation, absent clear statement, to place in executive hands authority to remove cases from the Judiciary's domain." *Kucana v. Holder*, 558 U.S. 233, 237 (2010). The APA "embodies the basic presumption of judicial review [for] one 'suffering legal wrong because of agency action[.]'" *Abbott Laby's v. Gardner*, 387 U.S. 136, 140 (1967) (quoting 5 U.S.C. § 702), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Courts assume "that Congress legislates with knowledge of the presumption," so it "takes 'clear and convincing evidence' to dislodge the presumption." *Kucana*, 558 U.S. at 252 (citation omitted). Courts may find clear and convincing evidence in "specific language in a provision or evidence drawn from the statutory scheme as a whole." *Patel v. Garland*, 596 U.S. 328, 347 (2022) (internal quotation marks and citation omitted).

## ANALYSIS

The Court begins its analysis with the statutory language itself. *Watt v. Alaska*, 451 U.S. 259, 265 (1981) (citation omitted). When addressing an undefined statutory term, courts "normally construe it in accord with its ordinary or natural meaning." *United States v. Aguilar-Alonzo*, 944

F.3d 544, 550 (5th Cir. 2019) (internal quotation marks omitted) (quoting *Smith v. United States*, 508 U.S. 223, 228 (1993)). "In finding the ordinary meaning, the use of dictionary definitions is appropriate[.]" *D.C. Bd. of Elections & Ethics v. D.C.*, 866 A.2d 788, 798 n.18 (D.C. 2005) (internal quotation marks omitted); *1618 Twenty–First St. Tenants Ass'n, Inc. v. Phillips Collection*, 829 A.2d 201, 203 (D.C. 2003) (same).

The Carveout provides that: "[n]o court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v). Several courts recently considered whether delay is an "action" under this provision. "The majority . . . ha[s] found, for a variety of reasons," that delay is an "action" under the Carveout, and "judicial review is precluded." *Soto v. Miller*, No. 1:23-CV-03016-EFS, 2023 WL 8850747, at *3 & n.21 (E.D. Wash. Dec. 21, 2023) (collecting cases). A few courts have found that delay is not an "action," so judicial review survives. *See Granados v. United States*, No. 23-CV-250-MEH, 2023 WL 5831515, at *4 (D. Colo. Aug. 23, 2023); *Lara-Esperanza v. Mayorkas*, No. 23-CV-01415-NYW-MEH, 2023 WL 7003418, at *5 (D. Colo. Oct. 24, 2023); *see also Bamba v. Jaddou*, No. 1:23-CV-357, 2023 WL 5839593, at *2 (E.D. Va. Aug. 18, 2023) (holding that the Carveout is "ambiguous, at best, with respect to the withdrawal of judicial review for a failure to act").

Defendants argue that the Court should adopt the majority view because (1) the APA's definition of "action" includes the "failure to act"; (2) in *Patel v. Garland*, the Supreme Court interpreted another jurisdiction-stripping provision broadly; and (3) limiting the Carveout to include only final adjudicative decisions impermissibly renders the word "action" superfluous. ECF No. 11. Arciba disputes the first and second argument and contends that delay is not an "action." ECF No. 13 at 11.

**A. The APA's definition is not mandatory authority, and the ordinary meaning of "action" includes administrative delay.**

The APA defines "agency action" as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*." 5 U.S.C. §§ 551(13) (emphasis added), 701(b)(2). Defendants argue that because the definition includes "failure to act," the government's unreasonable delay in processing the Application is an "action" the Carveout precludes from judicial review. ECF No. 11 at 10.

4

Arciba responds that the definition of "action" applies only to a particular subchapter of the APA and not to provisions of the INA. ECF No. 13 at 11 (citing *Soneji v. Dep't of Homeland Sec.*, 525 F. Supp. 2d 1151, 1154 n.2 (N.D. Cal. 2007) ("Although 5 U.S.C. section 551(13) of the APA states that agency action includes 'failure to act,' the statute is clear that this definition applies only '[f]or the purpose of this subchapter.'").

Some courts have found Defendants' argument convincing; others have not. *Compare, e.g.*, *Mercado v. Miller*, No. 222CV02182JADEJY, 2023 WL 4406292, at *2 (D. Nev. July 7, 2023) *with Bamba*, 2023 WL 5839593, at *2 (citing *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 200 (4th Cir. 2013)). The Court agrees with Arciba that APA's definitions are not mandatory outside of the APA itself. *See* 5 U.S.C. § 551 (definitions apply "[f]or the purpose of this subchapter"). Thus, the Court turns to the relevant dictionary definitions. "'Action' is defined as 'the process of doing something; conduct or behavior,' while a 'decision' is a 'determination [made] after consideration of the facts and the law.'" *Beltran v. Miller*, No. 4:23CV3053, 2023 WL 6958622, at *6 (D. Neb. Oct. 20, 2023) (citing *Black's Law Dictionary* (11th ed. 2019) (alteration supplied by the *Beltran* court); *see also Bamba*, 2023 WL 5839593, at *2 (same); *Candido v. Miller*, No. 23-CV-11196-DJC, 2024 WL 710660, at *4 (D. Mass. Feb. 21, 2024) ("'[D]ecision' is defined as 'the act or process of deciding,' 'a determination arrived at after consideration' and a 'report of a conclusion.' '[A]ction' [is defined as] 'a thing done' and 'the accomplishment of a thing usually over a period of time, in stages, or with the possibility of repetition.'"). Thus, Defendants, in prioritizing certain Applications over others, are engaged in the process of doing something.

To hold otherwise would "require meddling into the affirmative actions of the USCIS that have resulted in the delayed adjudication of [Arciba]'s waiver." *Beltran*, 2023 WL 6958622, at *6 (internal quotation omitted). "This order of priority, as well as USCIS's broader decision to momentarily allocate its resources to particular applications instead of others, are 'decision[s] or action[s] . . . regarding' I-601A waivers that—

5

by statute—are insulated from judicial review.'" *Id.* (quoting 8 U.S.C. § 1182(a)(9)(B)(v)); *see also Candido*, 2024 WL 710660, at *4.

Arciba argues that delay is not an "action" pursuant to the INA. ECF No. 13 at 11. But this conflicts with the allegations in her Amended Complaint. ECF No. 7 at 18 ("Agency action includes an agency's failure to act." (citing 5 U.S.C. § 661(13)), 19 ("Defendants' decision . . . constitutes agency action that is arbitrary, capricious, and contrary to law."). While Arciba now argues that she is "merely asking this Court to order USCIS to adjudicate" the application, in effect, she urges the Court to order Defendants to bring the Application to the top of the stack ahead of the many other pending applications. ECF No. 7 at 10. Indeed, she does not claim that Defendants have decided not to act, just that they are taking too long to act. And an "agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985). Thus, administrative delay falls within the ordinary meaning of the word "action," and the Carveout strips the Court of jurisdiction.

**B.  *Patel* supports a "broadened" reading of the Carveout.**

In *Patel v. Garland*, the Supreme Court considered a different jurisdiction-stripping provision of the INA—section 1252(a)(2)(B)(i)—which provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 596 U.S. at 333 (internal quotation marks omitted) (quoting 8 U.S.C. § 1252(a)(2)(B)(i)). The Court held that section 1252(a)(2)(B)(i) precluded judicial review of fact determinations in the context of discretionary relief. 596 U.S. at 347. Arciba asserts that *Patel* is factually inapposite, which Defendants do not deny, arguing instead that "the way in which the Supreme Court interpreted the [jurisdiction-stripping provision at issue there] should inform the way that this Court interprets" the Carveout. ECF Nos. 13 at 13; 14 at 4.

In *Patel*, the Court explicitly refused to address whether the INS "wholly insulate[s]" USCIS decisions from judicial review. 596 U.S. at 346. The Court did, however, provide some useful analysis, specifically in its finding that "the use of 'regarding' in a legal context generally has a broadening effect, ensuring that the scope of the provision covers not

only its subject but also matters relating to that subject." *Id.* at 338–39 (some internal quotation marks omitted); ECF No. 11 at 10–11.

Arciba is correct that *Patel* "concerned the reviewability of a very different challenge to an immigration proceeding in a different—albeit similar—statutory context." *Beltran*, 2023 WL 6958622, at *5 (citing *Patel*, 596 U.S. at 335–46). This Court therefore relies on *Patel*'s instruction to broadly construe the word "regarding" as used here. *See Candido*, 2024 WL 710660, at *4 ("Although *Patel* concerns reviewability of factual findings in an adjustment of status petition under a different jurisdiction stripping provision, the Court's consideration of the word 'regarding' is not limited to the specific provision at issue in that case."). The word "regarding" thus indicates that the Carveout "incorporates decisions and action related to the adjudication of a waiver application[, i]nclud[ing] the decision *when* to act." *Juarez v. Mayorkas*, No. CV 23-00463-BAJ-SDJ, 2024 WL 497150, at *1 (M.D. La. Feb. 8, 2024) (emphasis in the original) (quoting 8 U.S.C. § 1182(a)(9)(B)(v)). Accordingly, *Patel*'s analysis supports the Court's interpretation of the Carveout.

**C.     Arciba's proposed interpretation of the Carveout renders "action" superfluous.**

The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002) (internal quotation and citation omitted). Defendants argue that Arciba's proposed reading of the Carveout to only preclude final adjudicative decision renders "action" superfluous. ECF No. 11 at 11–12 (citing *Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006)). Arciba's Response does not address this argument. At least one other court in the Fifth Circuit found this argument persuasive. *See Juarez*, 2024 WL 497150, at *1. ("[I]f the word 'decision' . . . refers to the final adjudication of an [Application], then the word 'action' must refer to some other aspect of the decision-making process." Thus, "it stands to reason that this includes when the Attorney General takes action on" a plaintiff's application.). The Court agrees and finds further support for its interpretation of "action" as found in the Carveout.

**D.     Arciba's other arguments are unpersuasive.**

7

Arciba dedicates much of her brief to arguing why section 701(a)(2) of the APA does not strip the Court of jurisdiction. ECF No. 13 at 9–10. But Defendants argue, and the Court holds, that section 701(a)(1) of the APA strips the Court of jurisdiction, not section 701(a)(2).

Finally, Arciba says the Court's holding would lead to an absurd result in which Defendants "can take money for a service they offer, and then simply take as long as they wish to provide that service, or never provide that service at all, and the federal courts would have no ability to require their performance under the APA." ECF No. 13 at 11. But Defendants admit "that USCIS has a non-discretionary duty to adjudicate the [Application] within a reasonable time." ECF No. 14 at 5 (citing 5 U.S.C. § 555(b)). Again, this case is about when the action must be taken, not if it will be taken. Arciba's remaining arguments likewise are unpersuasive.

## CONCLUSION

Because 8 U.S.C. § 1182(a)(9)(B)(v) precludes judicial review of the USCIS's adjudication of a Form I-601A application, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 11) and **DISMISSES** Plaintiff's claims **without prejudice.**

**SO ORDERED** on this **28th day** of **March 2024**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE